IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| BP PIPELINE (NORTH AMERICA), INC., and CCPS TRANSPORTATION, LLC, | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) Case No. 06-CV-569-GKF-PJC ) |
| C.D. BROWN CONSTRUCTION, INC., et al. | ) ) |
| Defendants. | ) |

**O R D E R**

Before the Court is the Motion for Attorney Fees [Dkt. No. 160] of Plaintiffs BP Pipeline (North America), Inc. ("BP") and CCPS Transportation, LLC. The Plaintiffs will be referred to collectively as "BP." The Court conducted a hearing on Jan. 6, 2010, to address the issue of BP's entitlement to an award of attorney fees under 12 O.S. §940. After reviewing the extensive briefing herein and considering argument of counsel, the Court concludes that BP is entitled to a fee award under §940.

*Background*

BP brought this action alleging that Defendants negligently damaged its crude oil pipeline while burying fiber optic cable on land in Osage County, Oklahoma. BP asserted claims for negligence, trespass and contribution. [Dkt. No. 2]. The case proceeded to trial on negligence theories only. *See* Pretrial Order [Dkt. No. 134]. The jury assessed contributory negligence, rendered its verdict in favor of BP and awarded damages of $1.4 million. [Dkt. No. 151].

1

Judgment was entered accordingly. [Dkt. No. 152]. BP now seeks $475, 613.75 in attorney fees as prevailing party in an action for negligent damage to property.

## *Applicable Legal Principles*

Federal jurisdiction herein is based on diversity of citizenship. In diversity cases such as this, attorney fees are substantive and are determined by state law. *Oulds v. Principal Mutual Life Ins. Co.*, 6 F.3d 1431, 1445 (10th Cir. 1993). Oklahoma follows the American Rule – each litigant is responsible for its own attorney fees unless that rule is modified by statute or contractual provision. *State ex rel. Dept. of Transp. v. Norman Indus. Dev. Corp.*, 2001 OK 72, ¶ 7, 41 P.3d 960, 962. BP relies on Okla. Stat. tit. 12, §940 as the grounds for its attorney fee request. This statute provides:

> In any civil action to recover damages for the negligent or willful injury to property and any other incidental costs related to such action, the prevailing party shall be allowed reasonable attorney's fees, court costs and interest to be set by the court and to be taxed and collected as other costs of the action.

Okla. Stat. tit. 12, §940.

This statute provides for an award of attorney fees where a party prevails in an action for physical injury to tangible property. *Woods Petroleum Corp. v. Delhi Gas Pipeline Corp.*, 700 P.2d 1011, 1013 (Okla. 1984); *Parks v. American Warrior, Inc.*, 44 F.3d 889, 892 (10th Cir. 1995).

## *Discussion*

Defendants argue that BP is not entitled to fees because the damages recovered were solely for remediation of real property that BP did not own.

Defendants contend that BP never introduced evidence of the amount of damage to the pipeline it does own; therefore, an award of fees under §940 is improper.

BP contends that evidence was submitted to the jury as to the amount of damage done to the pipeline and that all damages from Defendants' negligence are recoverable.[1]

This case was tried on a single theory – negligent damage to property. *See* Jury Instruction Nos. 13 & 14 [Dkt. No. 150]. The damages BP claimed fell into two categories: (1) Clean up/remediation costs, and (2) Pipeline repair costs. The Jury Instructions make this clear:

> Plaintiffs spent monies to repair the pipeline and remediate the property contaminated by the release and seek to recover those costs from defendant C.D. Brown.
> *Jury Instruction No. 2.*
>
> If you decide in favor of plaintiffs, you must fix the amount of their damages. This is the amount of money that will reasonably and fairly compensate them for the losses sustained as a result of the negligence of C.D.Brown. In fixing the amount you will award them, you may consider the following damages:
> 1. All costs associated with cleaning up the crude oil spill, including, but not limited to, the costs of recovering the oil, securing the property, testing the soil, excavating and storing contaminated material, loading, transporting and disposing of contaminated material, obtaining backfill, backfilling the area, sodding the area and restoring the property, and related activities; and
> 2. The cost of repairing the pipeline.
> *Jury Instruction No. 23.*

---

[1] Defendants contend that the $1.4 million verdict is a reduction from a stipulated $1.457 million damage number that covered *only* remediation costs and not pipeline repair. However, evidence was submitted to the jury on pipeline repair costs in pre-marked exhibits. How the jury reached its final damage figure is unknown to the Defendants and not a proper subject of inquiry.

3

Defendants view BP's categorization of two types of damages as creating two separate causes of action: one for negligent damage to the real property belonging to a third party, and one for negligent damage to BP's pipeline. Defendants contend that damages were awarded only for this first category of damage and, thus, BP does not qualify for an award of fees. Defendants have misconstrued the claim presented to the jury. One claim was presented to the jury – for negligent damage to BP's pipeline. But for that negligence, BP would not have incurred the two types of damages described above. The categorization of damages into two types did not create two separate causes of action. BP prevailed on a claim for negligent damage to its property and was entitled to recover for all damage flowing therefrom.

The Court concludes that BP is entitled to an award of attorney fees under Okla. Stat. tit. 12, §940. The amount of that fee award remains for determination. The parties are to confer on this remaining issue and advise the Court by January 15, 2010, if they desire an evidentiary hearing on the fee amount, and, if so, whom they intend to call as witnesses. Determination of the fee amount will be made by Report and Recommendation to District Judge Gregory K. Frizzell. The entitlement issue decided herein will be made part of that Report and Recommendation for purposes of the timing of any objections to either the entitlement issue or the attorney fee amount.

IT IS SO ORDERED this 7th day of January 2010.

_____
Paul J. Cleary
United States Magistrate Judge